**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-1763

YAN SHAO,

Petitioner,

versus

ALBERTO R. GONZALES, Attorney General of the
United States,

Respondent.

On Petition for Review of an Order of the Board of Immigration
Appeals.  (A77-121-712)

Submitted:  March 29, 2006          Decided:  August 10, 2006

Before WILKINSON, NIEMEYER, and TRAXLER, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Craig T. Trebilcock, BARLEY SNYDER L.L.C., York, Pennsylvania, for
Petitioner.  Peter D. Keisler, Assistant Attorney General, Michelle
Gorden Latour, Assistant Director, Keith I. Bernstein, OFFICE OF
IMMIGRATION LITIGATION, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Yan Shao, a native and citizen of the People's Republic of China, petitions for review of an order of the Board of Immigration Appeals (Board) reversing the Immigration Judge's (IJ) grant of her application for asylum, withholding of removal and protection under the Convention Against Torture (CAT). Shao challenges the Board's finding that she failed to meet her burden of proof to qualify for asylum.[*]

To obtain relief, an alien "must show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992). We have reviewed the evidence of record and conclude that Shao fails to show that the evidence compels a contrary result. Accordingly, we deny the petition for review for the reasons stated by the Board. We dispense with oral argument because the facts and legal contentions

---

[*]Nowhere in her appeal brief to the Board, or in her opening brief to this court, does Shao contend she was eligible for either form of alternate relief. Accordingly, Shao has waived or abandoned review of these claims. See Yousefi v. INS, 260 F.3d 318, 326 (4th Cir. 2001) (holding failure to challenge denial of withholding of removal and Convention Against Torture relief in opening brief constitutes abandonment of those claims); Farrokhi v. INS, 900 F.2d 697, 700 (4th Cir. 1990) (holding that "an alien who has failed to raise claims during an appeal to the [Board] has waived his right to raise those claims before a federal court on appeal of the [Board's] decision"); see also 8 U.S.C. § 1252(d)(1) (2000) (stating that "[a] court may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right").

are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>PETITION DENIED</u>